29388. DEPARTMENT OF REVENUE *v.* BOYKIN.

Decided April 21, 1942.

*Ellis G. Arnall, attorney-general, Andrew J. Tuten* and *Claude Shaw, assistant attorneys-general,* for plaintiff.

*Boykin & Boykin,* for defendant.

Broyles, C. J. This case was tried with several other cases, including that of *Department of Revenue* v. *Stewart, ante,* 281. As stated in the brief of counsel for the plaintiff in error: "This case is very similar to the four cases entitled Department of Revenue *v.* W. J. Stewart which are also at the present time before this

court. All five of these cases have affidavits of illegality which are identical in every respect except as to the amounts involved and the taxable years in question. We have filed fifteen demurrrs to each one of these cases and all of these demurrers are identical."

This court, in the *Stewart* case, supra, this day decided, in a well-considered opinion by Judge Gardner, held that the demurrers, general and special, to the affidavit of illegality were properly overruled. It was also held in that case that the refusal of the court to suspend the trial, to allow counsel for the plaintiff to prepare a direct bill of exceptions to the ruling on the demurrers, was not error; and it was further held that the denial of the plaintiff's oral motion to be allowed to dismiss the levy was not erroneous. These holdings are applicable to and controlling on the facts of this case.

In the *Stewart* case this court said: "The plaintiff, in order to make out its case, first introduced the fi. fa., and rested. This evidence made out a prima facie case for the plaintiff. The burden of introducing testimony, or the burden of evidence, moved to the defendant. The defendant, taking up this burden of testimony which was then cast upon him, and in support of his allegations of illegality, introduced" certain testimony. And this court held that the testimony was sufficient to shift the burden back to the plaintiff and, since the plaintiff failed to introduce any other evidence, the direction of a verdict for the defendant was not error. However, in the instant case, the plaintiff having made out a prima facie case by the introduction of the fi. fa., and the defendant having failed to introduce any evidence to support his allegations of illegality, the direction of the verdict for the defendant was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*